Argued and submitted June 21, 1982, affirmed October 5, reconsideration denied November 25, petition for review allowed December 20, 1983 (296 Or 236)
See 297 Or 404, 687 P2d 751 (1984)

# STATE OF OREGON,
*Respondent,*

*v.*

# ALVIN HAROLD BROWN,
*Appellant.*

## (C81-04-32024; CA A22491)

669 P2d 1190

Marc D. Blackman, Portland, argued the cause for appellant. With him on the brief was Diane L. Alessi, Portland.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals from his convictions for rape in the first degree and sodomy in the first degree, asserting five assignments of error. We affirm.

■ Defendant first contends that the evidence of his polygraph examinations should have been admitted. There is no evidence that the parties stipulated to the admission of the results of those examinations. In the absence of a stipulation they are not admissible. *State v. Green,* 271 Or 153, 531 P2d 245 (1975); *State v. Bodenschatz,* 62 Or App 606, 662 P2d 1, *rev den* 295 Or 446 (1983).

■ Secondly, he contends that testimony of a psychologist as to "unconscious transference" should have been admitted. According to the psychologist, "unconscious transference" occurs when a person seen in one situation, *e.g.,* in a grocery store, is confused with, or mistakenly identified as, a person seen in another circumstance, *i.e.,* perpetrating a crime. Admission of such testimony, without evidence that the victim actually had prior contact with defendant, is at most "doubtful or reasonably could be decided either way." Accordingly, excluding the evidence was within the trial court's discretion. *State v. Stringer,* 292 Or 388, 394, 639 P2d 1264 (1982).

■ Thirdly, defendant argues that the trial court erred in allowing expert testimony regarding blood grouping tests. The state's expert witness testified that the defendant's blood-type (Type A) was found on a vaginal swab taken from the victim and that approximately 32 percent of the population are Type A secretors. Defendant contends that that evidence proves nothing, because such a large percentage of the population is involved. The fact that the blood-type test only limits responsibility to 32 percent of the population affects the weight of the testimony, but does not render it irrelevant. The jury was fully informed as to the imprecise nature of the test, and the trial court did not err in admitting the evidence.

■ Fourthly, defendant objects to testimony that a second test that disclosed only the victim's subtype on the swab did not exclude defendant as a suspect, but was merely inconclusive. That testimony was elicited by the state on redirect examination of its criminologist, after he had conceded on cross-examination that if the test were limited to the

semen on the swab, it would exclude defendant. The trial court did not err in allowing the state, on redirect examination of the expert, to obtain an explanation of why the test was inconclusive.

■    Defendant's fifth assignment is that the trial court erred in denying his motion for a mistrial based on the state's request in front of the jury that defendant be ordered to repeat the statement, "I think I'll shoot you," so that the victim could make a voice identification. The court did not order defendant to make that statement; instead, he was required to repeat a series of innocuous statements. The jury had already been informed that the perpetrator of the crime had stated to the victim, "I think I'll shoot you." Even assuming that the state's request was improper, no undue prejudice resulted from the mere request made in the jury's presence. There was no error in denying defendant's motion for a mistrial.

Affirmed.